IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STEPHANIE B., on behalf of her son, SETH B., a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>PAT HAMAMOTO, Superintendent of the Department of Education, State of Hawaii; DEPARTMENT OF EDUCATION, STATE OF HAWAI'I,<br><br>Defendants. | CIVIL NO. CV 04-00015 HG/LEK (Other Civil Action)<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## MEMORANDUM IN SUPPORT OF MOTION

**I.   INTRODUCTION**

This instant proceeding arose from an appeal by the Plaintiffs of the educational decisions made by the Defendant under the Individuals with Disabilities in Education Act (hereinafter "IDEA"). The State decided not to provide Seth Butler with a free appropriate public education (hereinafter "FAPE") for the period 2002 until 2006. Judge Gillmor reversed the decisions of the State and found that Seth had been denied FAPE for the past 4 years. As part of the decision, the court ordered that Mrs. B. be reimbursed or paid for her 4 years of providing Seth with an appropriate program. The Plaintiffs moved for the

appointment of a Special Master and this court responded with the selection of Mr. Winer as the Special Master. After several months of briefing and evaluating legal and factual presentations, Mr. Winer issued his recommended decision indicating the state owed the Plaintiffs in the amount of $153,627.74. Per Magistrate Kobayashi, the court accepted the recommendations. Hence, the instant motion certifying that Plaintiffs are the prevailing party for purposes of determining that a "reasonable fee" is filed.

## II. THE INSTANT PROCEEDING QUALIFIES AS ONE THAT IS ELIGIBLE FOR THE GRANTING OF ATTORNEYS' FEES AND COSTS TO THE PREVAILING PARTY

As set forth in the accompanying documents, this entire Special Master proceeding emanated from an IDEA dispute over whether the state had denied Seth a FAPE. There is no question that the basic proceeding is one in which the "prevailing party" would be entitled to fees and costs under section 20 USC Section 1415.[1] *See Aguirre v. Los Angeles Unified School District*, __ F.3d ___, (opinion dated August 29, 2006)(9th Cir.). Thus, the statute is clear—if the party seeking recovery is a "prevailing party," it is entitled to reasonable attorneys' fees as determined by the application of *Hensley v. Eckerhart*, 461 U.S. 424 (1983). *See Aguirre, supra*.

---

[1] The exact provision provides that: "the court, in its discretion may award reasonable attorneys' fees as well as costs to a prevailing party who is the parent of a child with a disability." 20 USC Section 1415(i)(3)(B)(i).

There is no doubt that the Special Master proceeding is part and parcel an IDEA proceeding and thus clearly it qualifies for an award of attorneys' fees and costs that would be consistent with the principles of *Hensley* and the applicable Ninth Circuit precedents on the issue. *See e.g. Sorenson v. Mink*, 239 F.3d 1140 (9th Cir. 2001); *Neosha R-V School District v. Clark*, 315 F.3d ___, (9th Cir. _____).

**III.   CONCLUSION**

Plaintiffs urge this court to grant them prevailing party status as a result of the award by the Special Master in this case. Therefore Plaintiffs are entitled to reasonable attorneys' fees and costs in the above entitled case.

DATED:  Honolulu, Hawaii, September 7, 2006.

/S/ STANLEY E. LEVIN

_____
STANLEY E. LEVIN

Attorney for Plaintiffs