**WINER MEHEULA & DEVENS, LLP**

ANDREW S. WINER
707 Richards Street, PH-1
Honolulu, Hawaii 96813
Tel. No. 254-5855
Fax No. 254-6872
winer@pacificlaw.com

Special Master

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 24 2006

at ___ o'clock and ___ min ___
SUE BEITIA, CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STEPHANIE B., on behalf of her son SETH B., a minor, | ) CIVIL NO. CV 04-00015 HG/LEK<br>) (Other Civil Action)<br>) |
| Plaintiffs, | ) SPECIAL MASTER'S<br>) SUBMISSION OF FINDINGS AND |
| vs. | ) RECOMMENDATIONS OF<br>) SPECIAL MASTER REGARDING |
| PAT HAMAMOTO, Superintendent of the Department of Education, State of Hawaii; DEPARTMENT OF EDUCATION, STATE OF HAWAII, | ) REIMBURSEMENT FOR<br>) PLAINTIFF'S HOME PROGRAM;<br>) CERTIFICATE OF SERVICE<br>) |
| Defendants. | ) |

### SPECIAL MASTER'S SUBMISSION OF FINDINGS AND RECOMMENDATIONS OF SPECIAL MASTER REGARDING REIMBURSEMENT FOR PLAINTIFF'S HOME PROGRAM



EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STEPHANIE B., on behalf of her son SETH B., a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>PAT HAMAMOTO, Superintendent of the Department of Education, State of Hawaii; DEPARTMENT OF EDUCATION, STATE OF HAWAII,<br><br>Defendants. | ) CIVIL NO. CV 04-00015 HG/LEK<br>) (Other Civil Action)<br>)<br>) FINDINGS AND<br>) RECOMMENDATIONS OF<br>) SPECIAL MASTER REGARDING<br>) REIMBURSEMENT FOR<br>) PLAINTIFF'S HOME PROGRAM<br>)<br>)<br>)<br>)<br>)<br>) |

FINDINGS AND RECOMMENDATIONS OF SPECIAL MASTER
REGARDING REIMBURSEMENT FOR PLAINTIFF'S HOME PROGRAM

I.   INTRODUCTION

The Court, having found that Plaintiff Stephanie B.'s home program for her son Seth B. was appropriate under the IDEA, ordered the Defendant State of Hawaii to reimburse Plaintiff for the cost of the home program, and appointed the Magistrate as Special Master to determine the amount of reimbursable costs of the home program. See Order Reversing the Decision of the Hearings Officer, filed herein on March 29, 2005 (the "Order") at 7. The Magistrate, in turn, assigned the task of determining reimbursable costs to the undersigned Special

Master.

The parties submitted to the Special Master evidence and written argument on two categories of reimbursable expenses: (1) out-of-pocket expenses paid by Stephanie B. to operate the home program; and (2) remuneration for hours spent by Stephanie B. in implementing the home program, which includes hours she spent training Seth B. and instructing Seth B.'s trainers. In her submissions, Plaintiff also describe time she spent administering the home program, but the time tables submitted by Plaintiff either do not include or do not itemize time spent on administrative tasks.

With regard to out-of-pocket expenses, the parties have stipulated to the amount of $78,354.74. This amount is based upon a detailed review of the relevant evidence by the Defendant, and the Special Master finds and recommends that $78,354.74 is an appropriate award for out-of-pocket costs of the home program.

Concerning the claim of compensation or wages for time spent by Stephanie B., for the reasons described below, the Special Master finds and recommends that Plaintiff be awarded $75,273.00 in compensation for time spent by Stephanie B. providing skills training and trainer instruction, including instruction of respite trainers.

II.   DISCUSSION

The IDEA provides that parents may be reimbursed for expenses reasonably incurred in providing an IDEA-compliant education to an eligible child when the public education system fails or refuses to provide such a program. The awarding of reimbursement is an act of equitable discretion by a court, which takes into consideration all circumstances of the case, including the conduct of the parties with regard to the child's educational needs. In this case, weighing all factors, the Special Master finds and recommends that Plaintiff be reimbursed for out-of-pocket expenses and for Stephanie B.'s time as a trainer and instructor to the extent such expenses and time were reasonably calculated at the time to benefit Seth B., as follows:

   A.   The IDEA Provides for Reimbursement of Expenses Reasonably Calculated to Benefit the Child

Under the IDEA, the courts hold broad equitable discretion to award parents reimbursement of expenses reasonably incurred in providing an appropriate private education program to IDEA-eligible children, when the school district has failed to do so. As explained in a recent opinion by the U.S. District Court for Eastern District of New York:

When, as here, "the parents are ultimately successful in the review proceedings, the IDEA permits the retroactive recovery of any tuition expenses." Board of Educ. v. Schutz, 290 F.3d at 481 (citing School Comm. of Burlington v. Department of Educ. of Mass., 471 U.S. at 372). Furthermore, "reviewing courts are empowered to 'grant such relief as the court determines is appropriate,'" see 20 U.S.C. § 1415(i)(2) (1997), and "the reviewing court's authority to order 'appropriate' relief, . . .includes the authority to order reimbursement for expenditures made to obtain appropriate educational services." Still v. DeBuono, 101 F.3d at 891; see, also, School Comm. of Burlington v. Department of Educ., 471 U.S. at 372 (holding that "reimbursement [] requires the [District] to belatedly pay expenses that it should have paid all along and would have borne in the first instance had it developed a proper IEP" and that "equitable considerations are relevant in fashioning [appropriate] relief").

C.B. and R.B. v. New York City Dept. of Educ., 2005 U.S. Dist. LEXIS 1521, *83-84 (E. D. N.Y. 2005) (emphasis added); see, also, Florence County Sch. Dist. Four v. Carter, 510 U.S. 7, 16 (1993) (holding that "courts fashioning discretionary equitable relief under IDEA must consider all relevant factors, including the appropriate and reasonable level of reimbursement that should be required") (emphasis added).

The IDEA does not require the parents to provide an "ideal program," just an "appropriate" one. C.B., 2005 U.S. Dist. LEXIS at *79. An "appropriate educational program is one that is 'likely to produce progress, not regression.'" Id. at *56 (citing M.S. v. Board of Educ. of Yonkers, 231 F.3d at 104 (quoting Walczak v. Florida Union Free Sch. Dist., 142 F.3d at 130)). Such program must

be "reasonably calculated to provide some 'meaningful' benefit" to the child, as viewed from the time the decisions were made, not in retrospect. Id. (citing Mrs. B. v. Milford Bd. of Educ., 103 F.3d at 1120). Finally, as the Court herein implicitly recognized when it held the Plaintiff's home program appropriate, the Lovaas method of "discrete trial training" employed by Stephanie B. in this case is an accepted as an effective teaching method for autistic children like Seth B. See, e.g., The Board of Educ. of the County of Kanawha v. Michael M., 95 F. Supp. 2d 600, 603 (S. D. W.Va. 2000).

    B.    <u>The Parties' Stipulated Amount for Out-of-Pocket Expenses is Reasonable and Acceptable</u>

On March 6, 2006, Plaintiff submitted her "Plaintiffs' Opening Memorandum in Support of Their Reimbursement; Declaration of Stanley E. Levin; Exhibits 'A' – 'C'," in which they requested a total of $173,800.29 for out-of-pocket expenses incurred in implementing the home program.

On March 30, 2006, the Defendants submitted "Defendants' Memorandum in Opposition to Plaintiffs' Memorandum in Support of Reimbursement; Exhibits 'A' to 'E'," in which they submitted that Plaintiffs are entitled to reimbursement of $78,354.74 for out-of-pocket expenses related to the home program. In support of their position, the Defendants specifically addressed

5

each item submitted by the Plaintiffs in detail.

In response to the Defendants' submission, on May 1, 2006, the Plaintiff accepted the $78,354.74 figure calculated by the Defendant.

Considering the detailed analysis of the evidence provided by the Defendants, and the Plaintiff's acceptance the Defendants' analysis, the undersigned Special Master finds and recommends an award of $78,354.74 (SEVENTY-EIGHT THOUSAND, THREE HUNDRED FIFTY FOUR AND 74/100 DOLLARS) for out-of-pocket expenses.

C.  <u>Stephanie B. is Entitled to Reimbursement for Her Time to the Extent it is Proven Likely to have been Reasonably Calculated to Provide Meaningful Benefit to Seth B.</u>

Plaintiff cited to several cases in which payment of wages was ordered to be made to a parent who provides services to his or her child as a reasonable part of an IDEA compliant education program. These findings are consistent with the courts' well-established equitable discretion in awarding reimbursement under the IDEA, and the Special Master is not aware of any authority to the contrary. The Defendant also does not appear to contest the basic concept of reimbursing Plaintiff for wages generally, although it does call into question granting wages for certain discrete tasks, such as instruction of respite workers.

6

As is explained in the following parts, both the wage rate and the categories of tasks Plaintiff submitted are reasonable. However, the total number of hours claimed is not supported by the record, and it is recommended that Plaintiff's reimbursable hours for Seth's home program be limited to those of a single half-time worker.

1. The Wage Rate Submitted by Plaintiff is Reasonable

Plaintiff has requested that she be reimbursed for time spent engaged in skills training at a rate of $17.00 per hour, and for time spent providing instruction to skills trainers on her staff at a rate of $24.50 per hour, whether the instruction was provided concurrent with skills training, or separately.

The Defendants do not dispute the rates submitted by Plaintiff. In addition, the Special Master finds the rates reasonable for the following reasons.

First, the annual wage totals Plaintiff submitted are not inconsistent with the wages paid in Hawaii to "Special Education Teachers, Preschool, Kindergarten, and Elementary School", and "Instructional Coordinators" according to the U.S. Department of Labor, Bureau of Labor Statistics, Occupational Employment and Wage Estimates, 2005. See www.bls.gov/oes_hi.htm. The tasks performed by Stephanie B. in administering the home program fit the definitions of these positions, in that she provided instruction and training, developed

7

instructional materials, coordinated educational content, and developed curricula for Seth.

Second, the evidence demonstrates that Stephanie B.'s level of skill and effort warrant this level of compensation, in that she: (1) is highly skilled in the administration of discrete trial training; (2) possesses unquestionable child-specific expertise in autism; and (3) administered the home program with the utmost skill and dedication for several years in the face of considerable odds. Her child specific expertise includes, among other things, mastery of educational techniques, critically important dietary needs, positive reinforcement techniques, and Seth's safety and hygiene, among other issues. It is also evident that, beyond her child-specific expertise, Stephanie B. is a valuable asset to the community of autistic families and educators beyond Seth's home program.

Accordingly, the rate of wages submitted by the Plaintiffs is reasonable and appropriate.

  2. <u>The Training and Instruction are Reasonably Calculated to Contribute to an Appropriate Program</u>

The Court explicitly found that the Plaintiff's home program was appropriate. <u>See</u> Order at 7. As such, where the Plaintiff can show that an expense was reasonably calculated to implementing the home program, it is reimbursable.

Other than the instruction of respite workers, which is addressed below, the Defendant does not dispute that the tasks of training and instruction are reasonably necessary to implementation of the home program. Moreover, the evidence submitted by Plaintiff demonstrates that the training and instruction provided by Stephanie B. were reasonably calculated to provide appropriate benefit to Seth.

"Respite" has been recognized and employed as an appropriate component of IDEA child specific programs. See, e.g., Dept. of Educ. v. Mr. and Mrs. S., 632 F. Supp. 126, 1270 (D. Haw. 1986); School Board of Pinellas County, Fla. v. J.M., 957 F. Supp. 1252, 1256 (M.D. Fla. 1997). In addition, when weighing the equities to determine reasonable reimbursement, the courts may consider the conduct of the parties. See W.B. v. Board of Trustees of Target Range School Dist. No. 23, 960 F.2d 1479, 1486 (9th Cir. 1992). The evidence submitted by the Plaintiff, which the Defendants do not contest, demonstrates that for a period of years the Defendants' knowingly denied the Plaintiffs any support with Seth's home program, in spite of the fact that it was the Defendants' duty to provide Seth with an IDEA compliant education. As the Court recognized, the Defendants took the position over the years that "the CARD program was not based on sound developmental theory," Order at 9, although they now appear to

seek credit, at least in part, for CARD's services.

This conduct of the Defendants more likely than not contributed substantially to the need for properly instructed respite trainers in the home program. Thus, reimbursement for time Stephanie B. spent training respite workers should be awarded.

    3.    <u>Stephanie B.'s Training Services are not Duplicative of Services Provided by CARD, CARE Hawaii or the Department of Health</u>

The Defendants argue that the training and instruction provided by Stephanie B. was duplicative of the services provided by CARD and by CARE Hawaii. This does not appear to be the case.

The evidence and argument submitted to the Special Master demonstrates that the services of CARD and of CARE Hawaii were primarily services provided to Stephanie B. directly to assist her in her implementation of the home program. To the extent CARE provided instruction to trainers that participated in the home program, the Defendant has offered no evidence that either: (1) CARE provided instruction to the trainers for which Stephanie B. is seeking reimbursement for training; or (2) CARE provided necessary child specific instruction to any trainer.

On the other hand, Plaintiff has carried her burden of demonstrating

that the instruction she provided to trainers was reasonably calculated to provide a meaningful home program considering, inter alia, the limitations of her rural, island community, the high rate of turnover, and Seth's child specific needs.

    4.    The Total Number of Hours Submitted by Plaintiffs is Not Compensable

While the Court is granted with broad, equitable discretion to determine appropriate reimbursement, the reimbursement must be reasonable, and it is the parent's burden to demonstrate such reasonableness. See, e.g., Florence County Sch. Dist. Four, 510 U.S. at 16. Plaintiff has not carried her burden of proving that the total number of hours submitted were reasonably related to Seth's home program.

Plaintiff submits that she was engaged in training and/or instruction related to Seth's home program for between about forty to fifty hours per week. The record of this case and the companion case of Seth's brother Bobby (Civil No. 03-00661 SOM/LEK) evidence that Stephanie B. concurrently administered a home program for both boys. Thus, if the forty to fifty hours submitted constitute time for Seth only, Stephanie B. would have had to have worked eighty to one hundred hours per week in total on both home programs.

The Special Master does not doubt that Stephanie B., as a parent and

an educator who, as she testified, "live[s] discrete trial training", was in-fact engaged in training her two children and related tasks for in excess of one hundred hours per week. In fact, the evidence shows that, for Stephanie B., there is no real line between her role as parent and educator, and that she is on-duty twenty-four hours a day, seven days a week. However, Stephanie B. may be reimbursed only for those hours that replicate the services the school should have provided, see supra, and the distinction between the roles of educator and parent must be kept in mind for these purposes, academic as they may appear from a parent's perspective.

Further, although Stephanie B. was reasonably required to fill several roles in implementing the home program for Seth, the legal authority does not appear to support reimbursing a parent for the wages of more than one person at a time. In other words, the legal authority does not appear to support reimbursing a parent for more than one full-time position in the aggregate, and because Stephanie B. was required to divide her time between her two children's' programs, she cannot reasonably be reimbursed for more than one half-time position in relation to Seth's home program.

Accordingly, the Special Master finds that Plaintiff has demonstrated that half of the time submitted was reasonably related to providing training to Seth and instruction to Seth's trainers, and recommends that a total wage reimbursement

of $75,273.00 be awarded to Plaintiff.

III. <u>CONCLUSION</u>

For the reasons set forth above, the undersigned Special Master respectfully FINDS and RECOMMENDS that: (1) $78,354.74 be awarded to Plaintiffs as reimbursement for out-of-pocket expenses; and (2) $75,273.00 be awarded to Plaintiffs as reimbursement for Stephanie B.'s wages, amounting to a total award of $153,627.74 (One Hundred Fifty-Three Thousand, Six Hundred Twenty-Seven and 74/100 Dollars).

DATED: Honolulu, Hawaii, \_\_\_\_\_AUG 2 4 2006_____.

_____
ANDREW S. WINER
Special Master

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STEPHANIE B., on behalf of her son SETH B., a minor,<br><br>            Plaintiffs,<br><br>vs.<br><br>PAT HAMAMOTO, Superintendent of the Department of Education, State of Hawaii; DEPARTMENT OF EDUCATION, STATE OF HAWAII,<br><br>            Defendants. | CIVIL NO. CV 04-00015 HG/LEK (Other Civil Action)<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document shall be duly served upon the below identified individuals at their last known addresses by depositing the same with the U.S. Mail, postage paid, on the date below:

George S.S. Hom
Deputy Attorney General
235 S. Beretania Street, Room 304
Honolulu, Hawaii 96813

Stanley Levin, Esq.
Davis Levin Livingston Grande
851 Fort Street, Suite 400
Honolulu, Hawaii 96813

DATED: Honolulu, Hawaii ___AUG 2 4 2006___

_____
ANDREW S. WINER
Special Master